# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| BLAINE R. HANDERHAN, | : | CIVIL ACTION NO. 3:CV-17-0928 |
| --- | --- | --- |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| WARDEN - FCI-DANBURY, CT., Respondent | : | |

## MEMORANDUM

Before the court is a petition for a writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, filed by Petitioner, Blaine R. Handerhan, a Federal Bureau of Prisons ("BOP") inmate currently incarcerated in the Federal Correctional Institution, Danbury, Connecticut. Preliminary review of the petition has been undertaken, see 28 U.S.C. § 2243; see also, R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

---

1. Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. GOVERNING § 2254 CASES R. 4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

## I. Background

In October 2011, Petitioner pled guilty in the United States District Court for the Middle District of Pennsylvania, to one count of possession of child pornography in violation of 18 U.S.C. § 2252A (a)(5). (Doc. 1, petition).

In August 2012, Judge Caldwell sentenced Petitioner to 96 months of imprisonment. See United States v. Handerhan, 739 F.3d 114, 119 (3d Cir. 2014). The Petitioner appealed his conviction and sentence.

On September 7, 2014, the United States Court of Appeals for the Third Circuit affirmed the judgment. See id. at 125.

On February 12, 2014, Petitioner filed a motion under 28 U.S.C. § 2255, claiming ineffective assistance of counsel. (See Doc 1, petition).

On September 23, 2014, Judge Caldwell denied Petitioner's motion to vacate his sentence on the merits. See United States v. Handerhan, 2014 WL 4792007 (Sept. 23, 2014).

On February 5, 2015, the Court of Appeals for the Third Circuit denied a certificate of appealability. See U.S. v. Handerhan, C.A. No. 14-4120 (3d Cir. Feb. 5, 2015).

In June 2015, Petitioner filed a motion to vacate the order denying the section 2255 motion pursuant to Rule 60(b), Fed. R. Civ. P. By Order dated September 22, 2015, Judge Caldwell denied the motion. See United States v. Handerhan, Criminal No. 1:CR-10- 0298, 2015 WL 11387769 (M.D. Pa. Sept. 22, 2015) (denying Rule 60, Fed. R. Civ. P. motion). In August 2015, Petitioner filed a motion to alter or amend the order denying the motion to vacate the ruling denying the section 2255 motion pursuant to Rule 59(e), Fed. R. Civ. P., which was denied by Order dated October 27, 2015. See United States v. Handerhan, Criminal No. 1:CR-10-0298, 2015 WL 6501200 (M.D. Pa. Oct. 27, 2015) (denying Rule 59(e), Fed. R. Civ. P. motion).

On March 17, 2016, the Court of Appeals for the Third Circuit denied a certificate of appealability as to the rulings on the Rule 60(b) and Rule 59(a) motions. See U.S. v. Handerhan, C.A. No. 15-3714 (3d Cir. Mar. 17, 2016).

On February 10, 2017, Petitioner filed the above captioned habeas petition in the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. § 2241, challenging his conviction and sentence. (Doc. 1, petition).

By Ruling and Order, dated May 9, 207, the Connecticut District Court transferred the above captioned action to the United States District Court for the

Middle District of Pennsylvania, where it was received on May 26, 2017. (Docs. 3, 4).

## II. DISCUSSION

Federal prisoners seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. §2255. See 28 U.S.C. §2255(e). Section 2255(e) provides that:

> An application for a writ of habeas corpus [pursuant to §2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255(e). To that end, the Court of Appeals for the Third Circuit has observed that "[m]otions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir.2002) (citing Davis v. United States, 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)). Section 2255(e) specifically prohibits federal courts from entertaining a federal prisoner's collateral challenge by an application for habeas

-4-

corpus unless the court finds that a Section 2255 motion is inadequate or ineffective." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997)). This safety valve language in Section 2255(e) has been strictly construed. See Application of Galante, 437 F.2d 1164, 1165–66 (3d Cir.1971) (concluding that unfavorable legal standards in circuit where sentencing court was located do not render Section 2255 remedy inadequate or ineffective); Millan–Diaz v. Parker, 444 F.2d 95, 97 (3d Cir.1971) (concluding that doubts about the administration of a Section 2255 motion in particular do not make the remedy inadequate or ineffective); United States ex rel. Leguillou v. Davis, 212 F.3d 681, 684 (3d Cir.1954) (holding that even if the sentencing court incorrectly disposes of a proper motion under Section 2255, the appropriate remedy is an appeal of that decision and not a habeas corpus petition).

Importantly, Section 2255 is not inadequate or ineffective merely because the sentencing court has previously denied relief. Dorsainvil, 119 F.3d at 251. Nor do legislative limitations like statutes of limitation or gatekeeping provisions render the Section 2255 remedy inadequate or ineffective so as to authorize pursuit of a habeas petition in this court. See, e.g., Cradle v. United States, 290 F.3d 536, 539 (3d Cir.2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir.2000);

Dorsainvil, 119 F.3d at 251. Rather, only when a prisoner is in the unusual position of having no earlier opportunity to challenge his conviction or "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" is Section 2255 "ineffective" for purposes of providing collateral relief. Dorsainvil, 119 F.3d at 251–52.

The Petitioner challenges his federal conviction on the ground that he lacked the *mens rea* to commit the crime of possession of child pornography because he suffered from various mental health conditions at the time he downloaded the images onto his computer. In addition, he claims that there was insufficient evidence to show that he knowingly downloaded the pornographic images to his computer. He contends that his guilty plea was not knowing or voluntary because he was incompetent at the time. He seeks an "evidentiary hearing to determine the real truth in this matter." (Doc. 1, petition). He asks the court to permit him to "to retain, [an] expert forensic psychiatrist and [a] technology specialist to prepare forensic expert testimony necessary for the Honorable Court to allow [him] to withdraw his plea of guilty and vacate his sentence." Id. Because the present petition challenges the legality of the Petitioner's conviction

and sentence, it should have been filed as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The Petitioner suggests that he has met the requirements for filing a section 2241 petition under the "savings clause" contained in 28 U.S.C. § 2255(e). However, the term "inadequate and ineffective" in the savings clause of section 2255 refers to those relatively few cases "in which a petitioner cannot, for whatever reason, utilize section 2255, and in which the failure to allow for collateral review would raise serious constitutional questions." Dorsainvil, 119 F.3d at 250. Thus, the exception is available only in cases involving prisoners "who can prove . . . actual innocence on the existing record-- and who could not have effectively raised [their] claim[s] of innocence at an earlier time." Id. For example, in Dorsainvil, the Third Circuit held that § 2255 was inadequate or ineffective for Dorsainvil's claim that he was imprisoned for conduct that the Supreme Court ruled in Bailey v. United States, 516 U.S. 137 (1995), was not a crime, where the Supreme Court issued Bailey after Dorsainvil's § 2255 motion was denied on the merits, and after the Third Circuit determined that Dorsainvil could not meet either of the gatekeeping requirements under 28 U.S.C. § 2255(h) to authorize the filing of a second or successive § 2255 motion. The Third Circuit reasoned that "[a] Supreme Court decision interpreting a

-7-

criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Dorsainvil, 119 F.3d at 250

Claims of actual innocence must be premised on a clear and convincing showing of "factual innocence not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "[I]n the context of a noncapital case, the concept of actual innocence is easy to grasp, because it normally means simply that the defendant did not commit the crime" of which he or she has been convicted. Poindexter v. Nash, 333 F.3d 372, 389-81 (2d Cir. 2003) (internal quotation marks and citations omitted).

The Petitioner has not established that a section 2255 motion is an inadequate and ineffective remedy to test the legality of his sentence. The fact that a petitioner might not be able to meet the procedural requirements set forth in 28 U.S.C. § 2255(e), (f) or (h) for filing a section 2255 motion, does not make the remedy under section 2255 inadequate or ineffective. See Cradle, 290 F.3d at 539. (holding that § 2255 is not inadequate or ineffective . . . simply because a prisoner "cannot meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a prior § 2255

motion"). Thus, the fact that Petitioner has previously been denied relief on the merits of a section 2255 motion does not make the remedy under section 2255 inadequate or ineffective.

Petitioner claims that he is actually innocent of the crime for which he pled guilty. He has, however, failed to submit evidence that supports such a claim. Rather he states that he requires "forensic psychiatric evidence and testimony regarding [his] state of mind at the time of the commission of the alleged act," in order to prove his claim that lacked the *mens rea* to commit the crime and is actually innocent. (Doc. 1, petition). The Court, however, concludes that Petitioner has not demonstrated "his actual innocence" by clear and convincing evidence "on the existing record." Bousley, 523 U.S. at 622. Furthermore, Petitioner has not sufficiently alleged that he could not have raised his claim of actual innocence at an earlier time. Petitioner contends that he did not raise the claims in this petition earlier because the status of his mental health did not permit him "to independently review and prepare legal documentation." (Doc. 1, petition). However, this contention is without merit. In his first section 2255 motion, Petitioner raised several ineffective assistance of counsel claims that stemmed from his contention that his mental illness either prevented him from being able to form the necessary

criminal intent or made him incompetent to stand trial or plead guilty to the offense of possession of child pornography. In addition, he raised his claim of mental incompetency in the motion to vacate and set aside the ruling denying the section 2255 motion. As such, the Court concludes that Petitioner has not alleged that the claims that (1) he did not possess the mens rea necessary to have committed the crime of possession of child pornography, (2) there was insufficient evidence to show that he knowingly downloaded the pornographic images to his computer, and (3) he did not knowingly or voluntarily plead guilty, were unavailable to him at an earlier time and could not have been raised on direct appeal or in a previous section 2255 motion. See Jiminian v. Nash, 245 F.3d 144, 147 (2d Cir. 2001) (holding that if a claim sought to be raised by petitioner was previously available to him, the "failure to permit review of that claim would not raise serious constitutional questions"). Thus, the claims raised by Petitioner do not fall within the savings clause exception to 28 U.S.C. § 2255, and Petitioner has not shown that the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge his conviction and sentence. It is Petitioner's burden to prove that §2255 would be an inadequate or ineffective remedy. Reyes-Requena v. United States, 243 F. 3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Handerhan has

not met this burden. Moreover, Handerhan does not state that he has requested permission from the United States District Court of Appeals for the Third Circuit for leave to file a successive petition. There remains that possibility that Handerhan would be granted permission by the Court of Appeals to file a successive § 2255 motion, if appropriate. Thus, the court will dismiss Handerhan's petition for a writ of habeas corpus under 28 U.S.C. § 2241, without prejudice to any right Petitioner may have to seek leave to file a second or successive § 2255 motion. A separate Order will be issued.


Dated: May 31, 2017 /s/ William J. Nealon
**United States District Judge**